IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARMANDO MENDEZ,           )
                          )
        Petitioner,       )
                          )
    v.                    )   No. 10 C 3094
                          )
                          )
MARCUS HARDY, Warden      )
                          )
        Respondent.       )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Respondent's motion to dismiss Petitioner Armando Mendez's (Mendez) petition for writ of habeas corpus (Petition). For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

On March 30, 2004, following a jury trial in the Circuit Court of Cook County Illinois (Trial Court), Mendez was convicted of armed robbery and first degree murder and sentenced to consecutive sentences of fifteen years for the robbery conviction and sixty years for the murder conviction. On May 19, 2006, the Illinois Appellate Court affirmed Mendez's conviction and sentence. Mendez filed a petition

1

for leave to appeal to the Illinois Supreme Court, which the Illinois Supreme Court denied on September 27, 2006. Mendez did not file a writ of certiorari in the Supreme Court of the United States, requesting direct review of the proceedings.

On March 20, 2007, Mendez filed a post-conviction petition in the Circuit Court of Cook County, Illinois. In his post-conviction petition, Mendez argued (1) that he received ineffective assistance of appellate counsel, (2) that the Trial Court improperly denied his motion for a directed verdict based on the prosecution's failure to prove its case beyond a reasonable doubt, (3) that the Trial Court improperly denied his motion for a mistrial based on improper statements made by the prosecution during closing arguments, (4) that the Trial Court improperly admitted highly prejudicial evidence in violation of his due process rights, and (5) that he received ineffective assistance of trial counsel based on trial counsel's failure to submit proposed jury instructions relating to "knowledge" and "intent" and failure to object to the use of an accountability jury instruction. The Trial Court denied Mendez's post-conviction petition on April 20, 2007, and on February 19, 2009, the Illinois Appellate Court affirmed the judgment of the Trial Court. Mendez filed a petition for leave to appeal with the Illinois Supreme Court, which the Illinois Supreme Court denied on May 28, 2009. Mendez did not file a writ of certiorari in the Supreme Court relating to the post-conviction review of the proceedings.

On May 11, 2010, Mendez filed the instant Petition. Mendez alleges in his Petition: (1) that he received ineffective assistance of trial counsel and appellate

counsel, (2) that the evidence presented by the state was not sufficient to prove him guilty beyond a reasonable doubt, (3) that the prosecution's closing arguments were improper, (4) that the Trial Court improperly admitted highly prejudicial photos of the victim into evidence, and (5) that the Trial Court improperly instructed the jury with respect to "intent" and "knowledge."

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies

3

the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

# DISCUSSION

Respondent has filed a motion to dismiss the instant Petition, arguing that the statute of limitations for filing a habeas petition has expired and that the equitable tolling doctrines do not apply to the instant Petition.

## I. Statute of Limitations

Respondent contends that the instant Petition is untimely. Under 28 U.S.C. § 2244(d)(1)**:**

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of– (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [the] subsection." 28 U.S.C. § 2244(d)(2).

In calculating the date upon which a judgment becomes final by the conclusion of direct review, the court must include the 90 day period during which a state prisoner may file a petition for writ of certiorari. *See* Sup. Ct. R. 13.1 (stating that a petition for writ of certiorari must be filed within 90 days after entry of judgment or entry of an order denying discretionary review); *Jimenez v. Quarterman,* 129 S.Ct. 681, 685 (2009)(stating that "[d]irect review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of *direct appeal* to the state courts, and to [the United States Supreme] Court has been exhausted")(internal quotations and citations omitted)(emphasis added); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)(stating "the statute of limitations imposed by section 2244(d)(1)(A) begins to run (I) when all *direct* criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; *or* (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ")(emphasis added). In contrast, the time period during which the statute of limitations is tolled pursuant to 28 U.S.C. § 2244(d)(2),

based on the pendency of a properly filed post-conviction petition in state court, does not include the 90 day period during which a state prisoner may file a petition for writ of certiorari. *Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000).

Mendez's direct appeal concluded on September 27, 2006, when the Supreme Court of Illinois denied Mendez's petition for leave to appeal. Mendez did not file a petition for writ of certiorari within 90 days of that date. Therefore, the statute of limitations with respect to the instant Petition began to run on December 26, 2006, which was 90 days after the Supreme Court of Illinois denied Mendez's petition for leave to appeal.

Mendez filed a post-conviction petition on March 20, 2007, which was 83 days after December 26, 2006, when the statute of limitations began to run pursuant to 28 U.S.C. § 2244(d)(1). Mendez's post-conviction petition tolled the limitation period from March 20, 2007 until May 29, 2009, when Mendez's post-conviction proceedings in state court were no longer pending. However, because Mendez filed his post-conviction petition 83 days after December 26, 2006, when the statute of limitations began to run pursuant to 28 U.S.C. § 2244(d)(1), those 83 days must be included in the calculation of the statute of limitations. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009)(stating that "what [28 U.S.C. § 2244(d)(2)] does is exclude particular time from the year, not *restart* that year")(emphasis in original). Thus, when Mendez filed the instant Petition on May 11, 2010, which was 348 days after May 29, 2009, a total of 431 (348+83) days of untolled time had already passed

6

after "the conclusion of direct review or the expiration of the time for seeking such review," which is more than the "1-year period of limitation" set forth under 28 U.S.C. § 2244(d)(1). 28 U.S.C. § 2244(d)(1)(A).

Mendez has not alleged facts suggesting that State action impeded the filing of the instant Petition, that there is a newly recognized and retroactively applied constitutional right at issue, or that he has recently discovered the factual predicate of the claims presented. Thus, 28 U.S.C. § 2244(d)(1)(B), 28 U.S.C. § 2244(d)(1)(C), and 28 U.S.C. § 2244(d)(1)(D) do not apply to the instant Petition. Based on the above, the instant Petition is untimely pursuant to 28 U.S.C. § 2244(d)(1)(B) and 28 U.S.C. § 2244(d)(2).

II. Equitable Tolling Doctrines

Although Mendez did not file a response to the motion to dismiss, the court will consider whether equitable tolling might be appropriate in this case. If applicable, a tolling doctrine would "stop the statute of limitations from running even if the accrual date has passed." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). The first potentially relevant doctrine is the doctrine of equitable estoppel, which "comes into play" if the respondent took "active steps to prevent" the petitioner from filing the Petition in time, such as "by promising not to plead the statute of limitations." *Id.* at 450-51 (citations omitted). Mendez has not alleged any facts indicating that Respondent took steps to prevent the timely filing of the instant

Petition. Thus, the doctrine of equitable estoppel does not apply to the instant Petition.

The second potentially relevant doctrine is the doctrine of equitable tolling. The Seventh Circuit has applied the equitable tolling doctrine to habeas petitions that would otherwise be barred by 28 U.S.C. § 2244(d). *See, e.g., Simms v. Acevedo*, 2010 WL 572742, at *7 (7th Cir. 2010); *Tucker v. Kingston* 538 F.3d 732, 734 (7th Cir. 2008). Equitable tolling is an extraordinary remedy that is "rarely granted." *Tucker*, 538 F.3d at 734; *see also Simms,* 2010 WL 572742, at *7 (declining to apply equitable tolling to habeas petition filed one day after statute of limitations expired because petitioner "failed to act diligently in pursuing his federal rights" when petitioner "waited nearly a year from the withdrawal of his previous state court petition to begin his final attempts at state court review"). For Mendez's Petition to be entitled to equitable tolling, he must show "that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition, . . . [and that] he has diligently pursued his claim, despite the obstacle." *Id.* (citations omitted). Mendez has not alleged facts to make such a showing, and thus there is no basis to grant the extraordinary remedy of equitable tolling in this case. Therefore, we grant Respondent's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant Respondent's motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated: January 10, 2011